■ ALBERT LEVY, Respondent, v GEMMA CONTRACTING Co. et al., Appellants. GEMMA CONTRACTING Co., Third-Party Plaintiff-Appellant, v LAFATA-CORALLO CORP., Third-Party Defendant-Appellant. LAFATA-CORALLO CORP., Second Third-Party Plaintiff-Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Second Third-Party Defendant-Appellant.—Order and judgment (one paper) Supreme Court, New York County (Harold Baer, Jr., J.), entered March 22, 1991, which, after jury trial, found plaintiff's damages to be $470,000, and appor-

tioned fault 20% as against plaintiff, 45% as against defendant Gemma Contracting Co., 15% as against defendant Lafata-Corallo Corp., and 20% as against second third-party defendant Triborough Bridge and Tunnel Authority (TBTA), unanimously affirmed, with costs to plaintiff.

Plaintiff, an employee of second third-party defendant TBTA was injured during the course of his employment when he fell over an exposed pipe in an area under construction. Defendant Gemma was the contractor, and defendant Lafata the subcontractor, responsible for the placement of the pipe.

During trial, on the direct and cross-examination of plaintiff, testimony was admitted that plaintiff was entitled to receive and would receive a tax-free pension in the amount of $27,000 yearly. During its deliberations, the jury clearly considered the pension, since it asked whether the pension was tax-free. The jury awarded $313,000 for lost future earnings over a 19-year expectancy, amounting to $16,500 yearly. This amount, combined with the $27,000 yearly pension, totalled $43,500 yearly, almost exactly the amount urged by counsel in summation, and constituted the appropriate figure for plaintiff's annual income.

The parties charted their course in permitting the jury to hear the evidence regarding the pension, and in failing to request any instruction whatsoever with respect to collateral source testimony. Since it is clear that the jury had already discounted the plaintiff's receipt of his pension in calculating damages, no further reduction pursuant to CPLR 4545 (c) was warranted. There is no merit to the argument that the award of damages for diminished earning capacity was speculative.

Gemma's appellate argument that Lafata failed to provide insurance for him, as contracted for, is raised for the first time on appeal. We, therefore, do not consider it. Concur—Sullivan, J. P., Milonas, Rosenberger, Wallach and Ross, JJ.